IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-HC-2110-BO

| | |
|---|---|
| THEODORE HOWZE, III<br>          Petitioner,<br><br>v.<br><br>DISCIPLINARY HEARING OFFICERS,<br>et al.,<br>          Respondents. | **ORDER** |

On June 13, 2011, Theodore Howze ( "petitioner"), proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [D.E. 1]. Petitioner was housed at Low Security Correctional Institution - Butner at the time he filed his habeas petition. Respondent filed a motion to dismiss or in the alternative for summary judgment [D.E. 4]. The motion contends that petitioner's section 2241 claim should be dismissed because petitioner has failed to exhaust his administrative remedies. Petitioner was properly notified of the motion, but petitioner as not responded. The matter is ripe for determination.

Theodore Howze is in the custody of the Bureau of Prisons ("BOP"), and he is serving a 150-month term of imprisonment. (Declaration of Lynnell Cox ¶ 4, Exhibit 1). Petitioner's projected release date is November 18, 2016, via the projected earning of good conduct time. Id. He is currently incarcerated at the Federal Correctional Institution - Low in Beaumont, Texas. http://www.bop.gov/iloc2/InmateFinderServlet?Transaction=NameSearch&needingMoreList=false&FirstName=theodore&Middle=&LastName=howze&Race=U&Sex=U&Age=&x=41&y=20 (last visited July 17, 2012).

On February 25, 2011, petitioner was in custody at the Federal Prison Camp in Butner, North Coarlina, when the disciplinary incident occurred, and on March 18, 2011, the report was filed

against him. (Id. ¶ 6 an d10 and Attachment 6). The report charged him with a "Code 108 violation" for the prohibited act of possession, manufacture, or introduction of a hazardous tool, here a cell phone. (Id. and Attach. 6). It is this incident and the disciplinary infraction incurred which is the issue before the court. Specifically, petitioner asserts due process violations resulting from the disciplinary action, hearing, and resulting loss of good time credit.

Because the court has considered matters outside of the pleadings, the motion shall be considered as one for summary judgment. Fed. R. Civ. P. 12(d). Summary judgment is appropriate when, after reviewing the record taken as a whole, no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the non-moving party may not rest on the allegations or denials in its pleading, but "must come forward with 'specific facts showing that there is a genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)). A trial court reviewing a summary judgment motion should determine whether a genuine issue of material fact exists for trial. Anderson, 477 U.S. at 249. The court construes the evidence in the light most favorable to the non-moving party and draws all reasonable inferences in the non-movant's favor. Matsushita, 475 U.S. at 588.

The court first addresses an argument asserted by respondent regarding jurisdiction. There is no dispute that petitioner was at the Butner complex and within this district when he filed his petition with this court. Subsequent to the filing, petitioner was transferred to the Federal Correctional Institution Beaumont - Low in Beaumont, Texas. Respondent, thus, asserts that this court is now precluded from reviewing the matter because it is without jurisdiction.

It is clear, however, district courts are authorized to grant writs of habeas corpus "within their respective jurisdictions," 28 U.S.C. § 2241(a), and such writs "shall be directed to the person having custody of the person detained." 28 U.S.C. § 2243. The proper party respondent is generally the "person who has the immediate custody of the party detained, with the power to produce the body of such party before the court or judge." Rumsfeld v. Padilla, 542 U.S. 426, 434–35, (2004). Being moved after filing a petition will not effect the court's jurisdiction, as jurisdiction attaches upon the initial filing of the § 2241 petition, and will not be destroyed by petitioner's subsequent Government-effectuated transfer and accompanying change in physical custodian. Padilla, 542 U.S. at 440–41,; see e.g., See, e.g., Mujahid v. Daniels, 413 F.3d 991 (9th Cir. 2005) ("[J]urisdiction attaches on the initial filing for habeas corpus relief, and is not destroyed by a transfer of the petitioner and the accompanying custodial change."); White v. Lamanna, 42 F. App'x 670, (6th Cir. 2002) ("A district court's jurisdiction generally is not defeated when a prisoner who has filed a § 2241 petition while present in the district is involuntarily removed from the district while the case is pending."); Lee v. Wetzel, 244 F.3d 370, 375 n. 5 (5th Cir. 2001) (ruling jurisdiction in the district to which the petitioner was transferred was improper because "jurisdictional facts must be judged as of the time the complaint is filed") (quotation omitted); United States v. Edwards, 27 F.3d 564 (4th Cir.1994) (per curiam) (unpublished)(in a § 2241 petition "[j]urisdiction is determined at the time an action is filed," meaning that "subsequent transfers of prisoners outside the jurisdiction in which they filed actions do not defeat personal jurisdiction.") Accordingly, the court has jurisdiction to consider this case.

The next reason respondent seeks dismissal is based on petitioner's failure to properly exhausted the administrative remedies available to him through the Bureau of Prisons. Exhaustion is necessary in a writ of habeas corpus. See Woodford v. Ngo, 548 U.S. 81, 90-91 (2006) (holding

3

that proper exhaustion is required in a civil action under the PLRA and in habeas and administrative law); See, e.g., McClung v. Shearin, No. 03-6952, 2004 WL 225093, at *1 (4th Cir. Feb. 6, 2004); Skinner v. Wiley, 355 F.3d 1293, 1295 (11th Cir. 2004); Carmona v. Bureau of Prisons, 243 F.3d 629, 634 (2d Cir. 2001). Exhaustion is excusable only upon a showing of cause and prejudice. McClung, 2004 WL 225093, at *1. Furthermore, where administrative remedies are no longer available due to the prisoner's failure to pursue the remedies, procedural default occurs and § 2241 habeas review is unavailable absent a showing of cause and prejudice. McClung, 2004 WL 225093, at *1; Carmona, 243 F.3d at 630, 634-35; Moscato v. Fed'l Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996).

An administrative process was in place within the BOP. See 28 C.F.R. §§ 542.10-542.19 (2006). However, the record does not indicate, and petitioner does not contend, he has fully exhausted his administrative remedies as they pertain to the appeal of this disciplinary infraction. (D.E. 6 and 7, Declaration Cox ¶ 10-16 and petition). Therefore, the case has not been exhausted. Petitioner does not address cause and prejudice in his petition. Furthermore, as stated above, he was given proper notice of the pending motion but he did not respond.

Accordingly, respondent's motion for summary judgment (D.E. 4) is GRANTED without prejudice for failure to exhaust. The Clerk is DIRECTED to close the case.

SO ORDERED, this 18 day of July 2012.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

4

Case 5:11-hc-02110-BO   Document 9   Filed 07/19/12   Page 4 of 4